**Bessie L. HARVEY, Appellant,**

v.

The **GREAT ATLANTIC AND PACIFIC TEA COMPANY, Inc., Appellee.**

No. 24855.

United States Court of Appeals Fifth Circuit.

Jan. 18, 1968.

---

**124**

John W. Prewitt, of Prewitt, Bullard & Braddock, Vicksburg, Miss., for appellant.

Burkett H. Martin, of Dent, Ward, Martin & Terry, Vicksburg, Miss., for appellee.

Before MARIS,* THORNBERRY and AINSWORTH, Circuit Judges.

MARIS, Circuit Judge.

This is an action brought by the plaintiff, Bessie L. Harvey, in the District Court for the Southern District of Mississippi against the defendant, the Great Atlantic and Pacific Tea Company, Inc., for personal injuries sustained by the plaintiff when she fell on a platform or ramp on the outside of the defendant's supermarket in Vicksburg, Mississippi. The jurisdiction was based on the diverse citizenship of the parties. After the pleadings were filed and depositions had been taken the defendant moved for summary judgment in its favor which the district court granted. The appeal by the plaintiff which is now before us followed. The sole question for decision is whether summary judgment was properly granted or whether as the plaintiff contends, the case presents issues of fact which she is entitled to have tried by a jury.

The task of the district court in considering a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure is clearly outlined in the decisions. The court may grant the motion only if it appears from the pleadings, depositions, admissions and affidavits, considered in the light most favorable to the opposing party, that there is no genuine issue of fact for trial and that the moving party is entitled to judgment as a matter of law. Poller v. Columbia Broadcasting System, Inc., 1962, 368 U.S. 464, 467, 82 S.Ct. 486, 7 L.Ed.2d 458; United States v. Diebold, Inc., 1962, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176. Litigants may not be cut off from their right to trial by jury if they really have issues to try. Sartor v. Arkansas Natural Gas Corp., 1944, 321 U.S. 620, 627, 64 S.Ct. 724,

---

* Of the Third Circuit, sitting by designation.

88 L.Ed. 967; Whitaker v. Coleman, 5 Cir. 1940, 115 F.2d 305; Melton v. Greyhound Corporation, 5 Cir. 1965, 354 F.2d 970. We have recognized that a personal injuries case based on negligence, such as the one now before us, may rarely be disposed of by summary judgment. This is because of the elusive nature of the concept of negligence, the determination of the existence of which requires the forming of a judgment as to the reasonableness of the conduct of the parties in the light of all the circumstances of the case. Gauck v. Meleski, 5 Cir. 1965, 346 F.2d 433, 437; Melton v. Greyhound Corporation, 5 Cir. 1965, 354 F.2d 970, 972–973. If reasonable minds could draw different inferences and reach different conclusions from the facts the issue must be reserved for trial. Marsden v. Patane, 5 Cir. 1967, 380 F.2d 489, 491.

We turn, then, to consider, in the light most favorable to the plaintiff, the facts which the parties presented to the district court on the motion for summary judgment. On September 27, 1965 at about 6 P.M. the plaintiff, then about 74 years of age, was hurrying to enter the defendant's supermarket before it closed. The supermarket is located at the southeast corner of Washington Street and Bowmar Avenue in the city of Vicksburg. The building is set back from both streets to enable automobiles to be parked between the building and the sidewalk. Around the building and immediately adjacent to it is a concrete platform, apron or ramp, 20 inches wide on the west side of the building, which is raised 6 inches above the level of the parking areas adjacent to it. At the time of the accident the plaintiff had parked her automobile in the parking area to the south of the building and was proceeding to the west or Washington Street side in order to enter the supermarket. An automobile was parked at the southwest corner of the building between the platform along its west side and Washington Street. Between the automobile and the building some sacks of peat moss were piled 18 inches high on the platform. The plaintiff climbed over these sacks in order to get past the parked automobile and in doing so she lost her footing, fell and broke her hip. Asserting that the defendant knew of and permitted the use of the platform in question as a walkway for its customers the plaintiff charged that the defendant was guilty of negligence in placing sacks of peat moss on the platform which constituted a hazard to its use by its customers.

The plaintiff had visited the defendant's supermarket frequently on previous occasions and had used the platform in question as a walkway for entering the building. While it had been constructed as a protection to prevent parked automobiles from bumping into the building the platform was used as a walkway by its customers to the knowledge of the defendant and the latter had not posted signs prohibiting its use or otherwise attempted to prevent its use for that purpose. At the time of the accident the parked automobile which confronted the plaintiff as she sought to enter the defendant's supermarket extended from the platform nearly to the outer edge of the sidewalk along Washington Street which at its street edge curves downward to the street level. She was, therefore, faced with the alternatives of either climbing over the 18 inches high sacks of peat moss on the platform or going around the parked automobile along the sloping edge of the sidewalk or into the street itself, a dangerous procedure due to the heavy traffic at that time of day. She chose the route over the bags of peat moss and would have negotiated it except that the bags were placed so close to the edge of the platform that when she stepped down, expecting to meet the level of the platform but meeting instead the 6 inches lower level of the adjacent parking space, she fell and suffered the injuries complained of.

The district court's entry of summary judgment was based upon its conclusion that the platform in question was not designed or intended as a walkway, that the plaintiff was not invited to use it or

try to climb over the merchandise on it, that the plaintiff had a perfectly safe route open to her and the danger which she voluntarily assumed in climbing over the bags of peat moss was open and apparent to her, that she assumed the risk of adopting the more perilous and only dangerous way open to her on this occasion, that her negligence was clearly the sole proximate cause of her own downfall and injury and that there was, therefore, no genuine issue of fact for a jury to try. With this conclusion we do not agree. On the contrary, we think that the record discloses genuine issues of material fact which preclude summary judgment.

 As we have seen, there was evidence from which a jury might find that the defendant not only knew of the use by its customers of the platform in question but permitted or even invited that use and that the alternative presented to the plaintiff of walking around the parked automobile onto the sloping outer edge of the sidewalk or in Washington Street was more dangerous than climbing over the bags of peat moss on the platform especially if, as the plaintiff might have had the right to assume, she could step down onto the platform on the other side of the bags. For she testified that it was the fact that the bags were placed so close to the edge of the platform which caused her misstep and fall. We think, therefore, that it was error to hold as a matter of law that the plaintiff had assumed the risk of the course which she adopted. On the contrary a jury might conclude that her conduct amounted at the most to no more than contributory negligence which, under the comparative negligence law of Mississippi, Miss.Code Ann. 1942, § 1454, would not preclude recovery by her if there was evidence to go to the jury on the issue of the defendant's negligence.

As to this issue, a storekeeper, under Mississippi law, owes a duty to its business invitees to exercise ordinary care to have his premises in a reasonably safe condition. Wallace v. J. C. Penney Co.,

Inc., 1959, 236 Miss. 367, 109 So.2d 876; Gulfport Winn-Dixie, Inc. v. Taylor, 1963, 246 Miss. 332, 149 So.2d 485, 487. We think that a jury might find that the defendant had breached this duty by placing the bags of peat moss on a walkway used by its customers with its knowledge and consent. This, if found, would clearly be sufficient to establish negligence on the defendant's part. We think, therefore, that a genuine issue exists as to the negligence of the defendant.

We, of course, do not preclude the possibility that at the close of the trial, after all the evidence adduced both on direct and cross examination is in, the district court may conclude that a verdict must be directed for the defendant. Robbins v. Milner Enterprises, Inc., 5 Cir. 1960, 278 F.2d 492, 496–497; Stanley v. Guy Scroggins Construction Company, 5 Cir. 1961, 297 F.2d 374, 378. All we now decide is that on the basis of the record now before us genuine issues of fact exist which preclude summary judgment.

Reversed and remanded for further proceedings not inconsistent with this opinion.