Ray TROTTER, Plaintiff-Appellant,

v.

Alice ANDERSON, Mary Saviano, Charles Zak and Hilda Zak, Defendants-Appellees.

No. 17414.

United States Court of Appeals Seventh Circuit.

Nov. 3, 1969.

Alvin R. Becker, Alvin W. Block, Stephen Levy, Chicago, Ill., for Ray Trotter, plaintiff-appellant.

John J. O'Malley, John A. Hutchings, James J. Hoffnagle, Ronald A. Drumke, Chicago, Ill., for Alice Anderson, defendant-appellee.

Before CASTLE, Chief Judge, SWYGERT and CUMMINGS, Circuit Judges.

SWYGERT, Circuit Judge.

This diversity action was brought by Ray Trotter, an Alabama resident, against Alice Anderson, Mary Saviano, Charles Zak and Hilda Zak, all residents of Illinois. The complaint sought damages for injuries resulting to plaintiff when he fell down the basement stairs of a cooperative apartment building owned and maintained by the defendants. Only Alice Anderson and Charles Zak answered the complaint.

Subsequently Alice Anderson and Charles Zak filed a motion for summary

judgment based upon the plaintiff's testimony at his discovery deposition as well as five photographic exhibits of the premises in question and supporting affidavits. The district court granted defendants' motion, holding plaintiff was guilty of contributory negligence as a matter of law. Plaintiff appeals contending that summary judgment was improper in this case because of the existence of a genuine issue of material fact.

In 1965 the Trotter family spent the Christmas holiday with plaintiff's brother-in-law, James McCombs, a tenant in defendants' building located in Skokie, Illinois. At about midnight on December 25, Trotter began to load his station wagon for the journey back to Alabama the next morning. McCombs, who had helped unload the car, told plaintiff that he had placed Trotter's luggage cap (a cover used to protect luggage carried on top of plaintiff's station wagon) in the basement of the building. The plaintiff, who had never been in the basement before, was told by McCombs or another brother-in-law, Tommy Jennings, that the light switch controlling the basement was located at the bottom of the basement stairs.

The information given plaintiff concerning the location of the light switch was incorrect. Inside the front entrance of defendants' building was a foyer which led to McCombs' apartment as well as to the basement stairway. The accident occurred on the basement stairway which was illuminated by an overhead electric light controlled by two switches. One switch was at the bottom of the basement stairs and another was located at the top of the stairs in the foyer just to the left of the front door.

A light was on in the foyer as Trotter started toward the basement. Through the basement door, which was slightly ajar, plaintiff concluded that the basement light was off because "it was dark." Trotter did not look for a light switch in the foyer or immediately inside the basement door. After descending two or three steps plaintiff fell down the remaining stairs. Shortly

thereafter McCombs came to Trotter's aid. All parties agree that plaintiff was not intoxicated at the time, that none of the stairs was broken, and that there was no water or foreign matter on the stairs.

■ In Illinois, the defendant in a tort action is entitled to judgment at trial if the plaintiff fails to prove his freedom from negligent conduct causally contributing to his injury. Maki v. Frelk, 40 Ill.2d 193, 239 N.E.2d 445 (1968). Summary judgment for a defendant is proper under Fed.R.Civ.P. 56(c) if the pleadings, depositions, and affidavits fail to disclose a genuine issue of material fact and if, on the uncontested facts, a plaintiff is guilty of contributory negligence as a matter of law. The issue of contributory negligence is ordinarily not susceptible to summary adjudication and generally should be resolved in the ordinary manner at trial. See 6 J. Moore, Federal Practice, ¶ 56.17 [42] at 2583 (2d ed. 1968) and the cases cited at note 4 therein. The defendant is faced with a heavy burden in establishing the absence of a genuine factual dispute. In deciding whether there is an issue of material fact, all doubts must be resolved against the party asking for a summary judgment. Cox v. American Fidelity & Casualty Co., 249 F.2d 616, 619 (9th Cir. 1957). Although certainty that there are no unresolved factual issues is necessary to grant summary judgment, any uncertainty in that regard is sufficient to deny summary judgment. Greenebaum Mortgage Co. v. Town and Garden Associates, 385 F.2d 347, 349 (7th Cir. 1967). The defendants in this case have failed to satisfy the heavy burden placed upon them.

■ The defendants rely upon cases which hold that in certain factual situations proceeding in the dark in an unfamiliar area may constitute contributory negligence as a matter of law. Hart v. Sullivan, 324 Ill.App. 243, 58 N.E.2d 301 (1944); Westbrock v. Colby, Inc., 315 Ill.App. 494, 43 N.E.2d 405 (1942); Brett v. Century Petroleums, Inc., 302

Ill.App. 99, 23 N.E.2d 359 (1939). Several unresolved factual disputes make these cases inapplicable in the instant situation.

The cases cited by the defendants involve proceeding in utter darkness. It is impossible from the record in this case to ascertain whether the basement steps on which Trotter's injury occurred were completely unlit. The undisputed testimony of Trotter suggests that a light was on in the foyer at the time of his fall. When Trotter opened the door and began his descent some light from the foyer may have illuminated the stairway. The plaintiff's testimony in his deposition that the stairs were "dark" does not negate this possibility since the term "dark" may be descriptive of conditions of partial illumination as well as utter darkness. Further factual presentations by the plaintiff at trial may indicate that sufficient light existed for the jury reasonably to conclude that plaintiff was not guilty of contributory negligence.

The plaintiff cites several cases in which proceeding in the dark in an unfamiliar area has been held not to constitute contributory negligence. Murphy v. Illinois State Trust Co., 375 Ill. 310, 31 N.E.2d 305 (1941); Pauckner v. Wakem, 231 Ill. 276, 83 N.E. 202, 14 L. R.A.,N.S., 1118 (1907); Packard v. Kennedy, 4 Ill.App.2d 177, 124 N.E.2d 55 (1955); Coken v. Peterson, 340 Ill.App. 518, 92 N.E.2d 352 (1950). The primary characteristics of these cases is the existence of facts justifying the plaintiff's conduct.

Both parties agree in the case at bar that Trotter was told that the illumination of the basement stairway was controlled only by a switch located at the bottom of the stairs. A jury might reasonably find that Trotter's descent of the stairs was justified if he relied upon such representation and if such reliance was reasonable. Whether Trotter in fact relied upon this representation is not clearly resolved by the materials presented with the motion for summary judgment. If Trotter relied upon the statement made to him, the reasonableness of that reliance depends upon a further unresolved factual matter. The parties differ as to whether James McCombs or Tommy Jennings informed the plaintiff of the location of the basement light switch. Since McCombs was a resident of the building and Jennings was not, reliance upon the representation of the former might be reasonable while any credence given to the latter's statement might be unjustified. In any event, none of the factual questions surrounding the statement made to Trotter were sufficiently explicit in the material presented on summary judgment. Further factual presentations by both parties are required to ascertain the relevance of this statement to the questions of the existence of contributory negligence.

Even if we were to assume that the plaintiff was guilty of negligent conduct in this case, the proof presented on defendants' motion has failed conclusively to show that the plaintiff's injury would not have occurred except for his negligence. Although the parties have admitted that there was no water or foreign substance on the steps, factual disputes are present with respect to other aspects of the condition of the stairs. Plaintiff claims that the steps were covered by a glossy and slick enamel paint while defendants claim that ordinary household paint was used. Plaintiff claims the handrail available to break his fall violated a local ordinance and was unsafe. Defendants argue to the contrary. These factual matters are best resolved in the ordinary manner at trial after further factual presentations.

We make no judgment on the existence of contributory negligence. In this case, however, the material which has been presented is insufficient to satisfy the stringent requirements of Rule 56 or the strong policy in favor of jury resolution of factual questions involving contributory negligence. When viewed in the light most favorable to plaintiff, the existence of unresolved factual disputes surrounding plaintiff's accident requires

the reversal of the decision of the district court granting summary judgment to the defendants and a remand of this cause for further proceedings.

Reversed and remanded.