Vera MEAD and Mildred Bushnell,
Appellants,

v.

Lester Edward LANE, Executor of the Estate of Julia B. Lane, Deceased, and Lester Edward Lane, Individually, Appellee.

No. 55186.

Supreme Court of Iowa.

Dec. 20, 1972.

Robert C. Nelson, Cedar Rapids, for appellant.

E. Michael Carr, Manchester, for appellee.

Heard before MOORE, C. J., and LeGRAND, UHLENHOPP, REYNOLDSON, and McCORMICK, JJ.

McCORMICK, Justice.

This appeal arises from an equitable action for specific performance of an alleged oral agreement not to revoke a joint will. Plaintiffs had an expectancy under a joint will of their parents which their mother revoked by making a new will subsequent to their father's death. In their unverified petition they set out the joint will and allege the mother's later will contravened an oral agreement between their parents. They ask the court to award them the inheritance they would have received under the joint will.

Defendant is executor and beneficiary under the mother's later will. His unverified answer admits the joint will, denies any contrary oral agreement and resists plaintiffs' claim. He filed motion for summary judgment supported only by uncontroverted facts in the pleadings. Plaintiffs resisted only by denying applicability of summary judgment procedure and noting the motion was not supported by affidavit. Trial court sustained the motion and entered decree accordingly. We affirm.

Decision of the appeal involves interpretation of Rule 237, Rules of Civil Procedure, in the light of the state of the pleadings when the motion was made.

■ Defendant was authorized by the rule to file his motion without supporting affidavit:

"A party against whom a claim * * * is asserted * * * may, at any time, move *with or without supporting affidavits* for a summary judgment in his favor as to all or any part thereof." R.C.P. 237(b) (emphasis supplied).

Plaintiffs were not mandated by the rule to file opposing affidavits but were authorized to do so. Rule 237(c), R.C.P.

■ Whether or not either side filed affidavits the test whether the motion should be granted remains the same:

"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 237(c), R.C.P.

In this case no depositions, answers to interrogatories, affidavits or admissions were presented by either side despite opportunity to do so.

Also critical in this case are the following two sentences from Rule 237(e):

"When a motion for summary judgment is made *and supported as provided in this rule,* and adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." (emphasis supplied).

We have previously discussed the background, meaning and purposes of the stringent requirements of the rule. See, e. g., Gruener v. City of Cedar Falls, 189 N.W. 2d 577, 580–581 (Iowa 1971); Bauer v. Stern Finance Company, 169 N.W.2d 850, 853–854 (Iowa 1969) ("The purpose * * * is to avoid useless trials.").

■ From the language of the rule it is immediately clear that if defendant's motion was properly "supported" the motion was correctly sustained because plaintiffs did nothing more than allege it was not properly supported in resisting it. A motion for summary judgment is not sup-

ported as required by the rule unless the movant meets his burden to show there is *no genuine fact issue.* "Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented." Notes of Advisory Committee on 1963 Amendment to F.R.Civ.P. 56(e); see also Sherwood v. Nissen, 179 N.W.2d 336, 339 (Iowa 1970). We must therefore examine the uncontroverted facts in the pleadings because they were the only evidentiary matter offered in support of the motion.

Plaintiffs alleged that on April 10, 1961, their parents executed a joint will "pursuant to an oral agreement between them to dispose of their property in a particular manner provided for in the said Will." The joint will was attached and made part of the petition. The petition also alleged the death of their father, that their mother thereafter breached the oral agreement by execution of an individual will and codicil, and that their rights were established as of the father's death to take under the joint will at their mother's death.

The joint will included:

"Item 2. The one of us surviving the other shall inherit all property real, personal, or mixed, of the other, *to be used as the survivor may see fit.* In the event both shall die or when both shall be dead, *and no individual will shall have been made, then* the property of both shall be treated as one and the same, and shall be disposed of as hereinafter provided, to-wit:

\*  \*  \*  \*  \*  \*

[specific devise and bequest followed by]

Paragraph 2. To our three children, Lester E. Lane, [defendant] Mildred Bushnell, and Vera Mead, [plaintiffs] we give, devise and bequeath all the remainder of our property in equal shares, share and share alike." (emphasis supplied).

In purported compliance with an order for more specific statement as to the oral agreement alleged by them, plaintiffs amended their petition to aver it "was made prior to the execution of [the joint will] and that the language of Item II of [the joint will] in no manner supersedes or obviates the original oral agreement."

With the petition in this posture, and without any other assertions therein concerning the alleged oral agreement, defendant answered. In his answer he admitted the averments as to execution of the joint will and its contents but denied that the mother's later will violated any oral agreement. He affirmatively alleged no competent evidence could be adduced to prove an oral agreement contrary to the terms of the joint will and that under the will the mother was expressly authorized to make a later individual will. These are the material pleadings.

The contentions in the answer were repeated in defendant's motion for summary judgment. Support for the motion therefore rests upon interpretation of the joint will. It is not significant for this purpose whether the joint will is reciprocal and mutual as to testators' right to inherit from each other. For discussion of these concepts, see Father Flanagan's Boys' Home v. Turpin, 252 Iowa 603, 106 N.W. 2d 637 (1960). Assuming, without deciding, it is reciprocal and mutual as to testators' rights to take under it, the important issue here is whether it purports as a matter of law to permit the survivor to make a new individual will. We recently restated the rules governing our interpretation of wills in Houts v. Jameson, Iowa, 201 N. W.2d 466 (filed October 18, 1972).

With these rules in mind, considering only the joint will, we believe testators clearly, expressly and unambiguously therein granted each other the right upon survivorship to use the entire inheritance "as

**308**

the survivor may see fit" and to revoke the joint will. The right of plaintiffs to inherit under the joint will at the survivor's death was contingent upon other disposition of the property not having been made by the survivor. A new individual will was a´ means of contrary disposition expressly contemplated by testators. The language used negatives any contractual obligation in the survivor to treat the joint will provisions as binding. The opposite intent is manifested. Cf. In re Croulek's Estate, 252 Iowa 700, 107 N.W.2d 77 (1961).

Therefore, with this evidence to support the motion for summary judgment before it, trial court was right in finding the motion was supported as contemplated by the rule. From that evidence, absent properly supported resistance, we find reasonable minds could not draw an inference contrary to the meaning urged for it in defendant's motion. Cf. Rule 344(f)(17), R. C.P.

The resistance, of course, was not properly supported since plaintiffs failed by affidavit or otherwise to set forth specific facts showing there was a genuine issue for trial. Although we do not commend defendant's manner of supporting his motion for summary judgment as a model for emulation, we nevertheless perceive this as a proper case for summary disposition.

Plaintiffs' conclusory assertion concerning an oral agreement which in some undisclosed way would not impeach the joint will but nevertheless would require its plain terms to be ignored made it appropriate for defendant to "pierce the pleadings" so trial court could assess the proof to see whether there was a genuine issue for trial. Notes of Advisory Committee on 1963 Amendment F.R.C.P. 56(e). The alleged oral agreement remained an elusive phantom, and plaintiffs lost their case at this preliminary stage because of their inability or unwillingness to expose its merits as required by the rule.

Affirmed.