**IN THE COURT OF APPEALS OF IOWA**

No. 22-0866
Filed May 10, 2023

**IN THE MATTER OF THE MEYERS FAMILY REVOCABLE TRUST**

**CARL GORMAN MEYERS,**
        Appellant.
_____

        Appeal from the Iowa District Court for Lee (North) County, John M. Wright,
Judge.


        Carl Gorman Meyers appeals the district court's ruling granting an adverse
summary judgment in this action alleging breach of fiduciary duties by co-trustees
of the Meyers Family Revocable Trust.  **REVERSED AND REMANDED.**


        Ryan D. Gerling of Cray Law Firm, PLC, Burlington, for appellant.

        Timothy B. Gulbranson and Jenny L. Juehring of Lane & Waterman LLP,
Davenport, for appellee.


        Considered by Greer, P.J., Buller, J., and Scott, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206
(2023).

**SCOTT, Senior Judge.**

Carl Gorman Meyers[1] appeals the district court's ruling granting an adverse summary judgment in this action alleging breach of fiduciary duties by co-trustees of the Meyers Family Revocable Trust (the Trust). The district court ruled on a ground the movant did not raise or brief in their motion for summary judgment, and of which the resisters had no notice or opportunity to respond. We reverse and remand for further proceedings.

**I. Background Facts.**

These facts are not in dispute: Paul Meyers and Cathy Meyers each executed a three-paragraph will on October 12, 2012:

> I, [PAUL or CATHY], of Lee County, Iowa, being of legal age and of sound and disposing mind and memory, do hereby revoke any and all Wills and Codicils heretofore made by me and do hereby make and declare this to be my Last Will and Testament.
> PARAGRAPH 1. I direct that all of my just debts, expenses of last illness, funeral expenses, and all federal estate taxes be first paid out of the assets of my Estate as soon after my decease as conveniently may be.
> PARAGRAPH 2. All of the rest, residue, and remainder of the property of whatsoever kind and nature and wheresoever situated belonging to me at the time of my death or thereafter, I give, devise, bequeath, and direct the Executor of my estate to pay over to the Trustee of the MEYERS FAMILY REVOCABLE TRUST to be held and distributed in accordance with the terms thereof.
> PARAGRAPH 3. I hereby nominate and appoint my [spouse] as Executor of this, my Last Will and Testament. Should [s]he for any reason be unable to act or continue to act, I appoint TERESA RENEE WOODLEY, LORA ANN HICKEY, and Carl GORMAN MEYERS, or any one of them if one or more of the others is unwilling or unable to act as Executor(s). I direct that the Executor(s) named herein who shall be appointed by the Court serve without bond. I authorize such Executor(s) to continue the operation and management of any business or property which I may own or in which I may have an interest without bond, notice, or order of any

---

[1] After initially identifying the individual family members, we will refer to them by their first names.

Court, and to sell any of the assets of my Estate without bond, notice, or order of any Court.

Paul and Cathy also executed the Trust Agreement on October 12, 2012.

Trustors hereby establish THE MEYERS FAMILY REVOCABLE TRUST and transfer to Trustees (and any other successor Trustee(s) named herein), the assets listed on Schedule A attached hereto and by this reference made a part hereof; the proceeds of any life insurance policies listed on Schedule A shall be made payable to Trustees and are to be administered as part of this Agreement. Trustors retain all incidents of ownership of said life insurance policies and shall be responsible for payment of all premiums thereon. Said assets and all investments and reinvestments thereof and additions thereto are hereby collectively referred to as "the Trust".

Schedule A provides:

All household furnishings, contents, and personal effects located in any and all homes occupied and/or owned by me including, without limitation, furniture, clothing, personal effects, artwork, and jewelry.

All accounts in which I have an interest maintained in any bank, lending institution, depository, credit union and/or similar financial institution including, without limitation, investment accounts, checking accounts, savings accounts, N.O.W. accounts, certificates of deposit, money market accounts, and account number [XXXX-XXXX] with Wells Fargo.

Any and all automobiles, all-terrain vehicles, water craft, and motorized vehicles.

Any and all annuities, endowments, and life insurance policies in which I have an interest.

Any and all items of personal property wheresoever located including, without limitation, items in a storage facility and/or safety deposit box.

Any and all notes held by and/or payable to me.

Any and all insurance policies in which I have an interest.

At the time the wills and the Trust Agreement were executed, Paul and his son Carl each owned fifty percent of the shares of Meyers & James Construction Company, Inc. Article IV(4)(a) of the Trust Agreement provides as follows: "All right, title, and interest in and to Meyers & James Construction Company, Inc. [(the

Company)] shall be distributed to Carl Gorman Meyers if he is living at said time . . . ."

On January 1, 2017, Paul and Carl entered into a stock purchase agreement (Purchase Agreement), in which Paul sold his shares in the Company to Carl. The Purchase Agreement states: "The Effective Date of the transaction completed by this Agreement shall be the date specified above"—January 1, 2017. The Purchase Agreement also states: "As of the effective date, the entire Interest shall be transferred to [Carl] without the necessity of further action by any person." As part of the Purchase Agreement, Carl executed and delivered a promissory note (Note) in favor of Paul in the amount of $323,833.34, in satisfaction of the purchase price. Carl also executed a security agreement to secure payment of the Note, giving Paul a security interest in "All of [Carl's] right, title and interest in [the Company]."

Paul died on March 9, 2020. Cathy died on October 14, 2020. Teresa, Lora, and Carl were appointed as co-trustees by the Trust Agreement.

On March 31, 2021, counsel for the Trust filed an "Application to Invoke Court Jurisdiction" regarding the Trust and withdrew as counsel. The application explains,

> 12. A difference in opinion exists among the co-trustees about the interplay between the language in the Trust regarding the Construction Company and the Note. Carl Meyers has asserted the position that he should not be required to pay any additional amounts on the Note since the Trust provides that "All right, title, and interest in and to Meyers & James Construction Company, Inc. shall be distributed to Carl Gorman Meyers if he is living at that said time."
> 13. Lori Hickey has asserted that Carl Meyers should be required to pay the balance due under the Note since Paul Meyers sold his interest in the Construction Company prior to his decease

and, therefore, the Trust did not have an interest in the Construction Company at the time Paul Meyers passed away.

14. The balance due under the Note was approximately $147,960.31 as of August 4, 2020.

On April 4, Carl and Teresa as co-trustees executed a document in which they declared the Trust "shall not assert that any amounts are owed to the Trust by Carl Gorman Meyers for Carl Gorman Meyers' previous purchase of Meyers & James Construction, Inc. "

On May 10, Lora filed petition in her capacity as co-trustee and beneficiary of the Trust against Teresa and Carl in their capacities as co-trustees and beneficiaries alleging a breach of trust and unjust enrichment and seeking attorney's fees.[2]

Lora later filed a motion for summary judgment, arguing Carl and Teresa's April 4, 2021 declaration was a breach of their fiduciary duties as co-trustees of the Trust because Carl owes the Trust $147,960.31. Lora cited Iowa Code section 633A.4202(1) (2021) and case law stating trustees have a duty of loyalty to the trust and its beneficiaries and are prohibited from self-dealing. She asserted the Trust is now the holder of the Note because Paul died before the Note was fully paid, Carl personally owes the debt to the Trust, and his decision as co-trustee brings him personal benefit at the expense of the beneficiaries of the Trust. Lora maintained the co-trustees should be pursuing default remedies under the Note pursuant to Iowa Code section 633A.4211.

Teresa and Carl resisted, arguing it was Paul's intention, as stated in the Trust, to give his interest in the Company to Carl and therefore the promissory note

---

[2] Lora resigned as co-trustee on February 14, 2022.

and security interest were within the scope of the Trust bequest of "[a]ll right, title and interest" in the Company.

Without a hearing or notice to the parties, the district court concluded:

When Paul sold his interest in the Company to Carl, the property transferred and Paul no longer had absolute ownership of that asset, only a security interest for payment of the purchase price. The specific bequest referred to property that was no longer in the estate at the time of Paul's death, having been disposed of by sale.

The general rule of ademption is that, when property specifically bequeathed by a testator is sold or conveyed by him during his life, the legacy is adeemed. The fact that the property in this case was sold pursuant to a promissory note with a security interest does not change the fact that ownership transferred to Carl.

Although the property was sold to the devisee, the court finds that ademption still applies as if Paul had conveyed to a third person. The devise failed because Paul was not possessed of the property devised at the time of his death.

Having found that Carl is not entitled to a credit or cancellation of the remaining amounts due under the Note, the court turns to the relief requested by [Lora].

The court nullified the April 4, 2021 declaration by Carl and Teresa, removed Carl as co-trustee, and ordered Teresa to require Carl to pay the Trust under the Note. The court found it "appropriate for the Trust to pay Lora's attorney's fees in bringing this lawsuit, as this action benefitted the Trust."

Carl appeals, asserting the "the ademption issue was not sufficiently addressed in the pleadings or motion. Essentially, the issue was raised on the Court's own initiative." He alleges the district court did not properly address the construction of the Trust phrase "all right, title and interest in and to [the Company]." He contends Lora failed to show the bequest was adeemed under the law. In addition, Carl argues the court's ademption analysis "either misconstrued or failed to appropriately consider the construction of the bequest to Carl Meyers in Article IV(4)(a)."

We review a ruling on a motion for summary judgment for correction of errors at law. *In re Steinberg Fam. Living Tr.*, 894 N.W.2d 463, 467 (Iowa 2017). Summary judgment is appropriate only when the record shows "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Iowa R. Civ. P. 1.981(3). "We view the summary judgment record in a light most favorable to the nonmoving party." *Hedlund v. State*, 930 N.W.2d 707, 715 (Iowa 2019). "In ruling on a motion for summary judgment, the court's function is to determine whether such a genuine issue exists, not to decide the merits of one which does." *Daboll v. Hoden*, 222 N.W.2d 727, 731 (Iowa 1974). "The court must also consider on behalf of the nonmoving party every legitimate inference that can be reasonably deduced from the record. Even if the facts are undisputed, summary judgment is not proper if reasonable minds could draw different inferences from them and thereby reach different conclusions." *Hedlund*, 930 N.W.2d at 715 (internal citations omitted).

Lora concedes Carl preserved error on the summary judgment ruling. She did not move for summary judgment on grounds the bequest was adeemed. She did not provide authority for or discussion on the ademption issue. Consequently, Teresa and Carl had no opportunity to address the issue.

Because the court granted summary judgment on a ground not raised—and of which Teresa and Carl were given no notice—it erred. *See Zech v. Klemme*, No. 10-1969, 2011 WL 2556080, at *5 (Iowa Ct. App. June 29, 2011) ("[E]ven if we wanted to recognize a district court's ability to enter summary judgments sua sponte on issues not raised by the parties, we could not do so here because the district court did not notify [the non-moving party] of its intent to rule on the

causation issue.").[3]  Consequently, we reverse and remand for further proceedings.  In light of our reversal of the entry of summary judgment and remand for further proceedings, we do not address the other claims raised on appeal as the court may be required to revisit its rulings on removing Carl as a co-trustee and the attorney fee awarded to Lora.

With Carl having successfully raised a reasonable question of law on appeal, we decline to award Lora's request for appellate attorney fees.

**REVERSED AND REMANDED.**

---

[3] We express no opinion concerning the district court's analysis.  Our decision is based solely on procedural fairness.