Willard S. PAUL et al.

v.

UNITED STATES of America.

Civ. A. No. RI–344.

United States District Court,
S. D. Illinois, N. D.

Dec. 16, 1971.

Bruce L. Balch, Rock Island, Ill., for plaintiffs.

Max J. Lipkin, Asst. U. S. Atty., Peoria, Ill., Lawrence J. Ross, Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## DECISION AND ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT

ROBERT D. MORGAN, District Judge.

This is an action for refund of federal income taxes paid by plaintiffs as transferees of Best Advertising Corp. (BEST), a dissolved Illinois corporation. The court has jurisdiction under 28 U. S.C. § 1346(a) (1). Pending for decision is a motion by the Government for partial summary judgment, under Rule 56(d), F.R.Civ.P.

The following facts are undisputed. BEST was incorporated in Illinois in 1962 for the purpose of soliciting advertisements from Illinois businesses for insertion in the "yellow pages" of telephone directories. Subsequently, the Reuben H. Donnelley Corporation, which

publishes all directories distributed by Illinois Bell Telephone Co., refused to accept the advertisements proffered by BEST. BEST then filed suit against Donnelley and Illinois Bell, charging violations of the Sherman Anti-Trust Act. This court granted a motion to dismiss the complaint on the ground that it failed to state a claim against the defendants. Best Advertising Corp. v. Illinois Bell Telephone Co., 229 F.Supp. 275 (S.D.Ill.1964), aff'd, 339 F.2d 1009 (7th Cir. 1965). After affirmation by the Court of Appeals, Donnelley agreed on March 22, 1965 to pay BEST $67,500 in settlement on condition that BEST abandon plans to file a petition for writ of certiorari with the Supreme Court of the United States. The settlement amount was placed in escrow, to be paid BEST on April 9, 1965, one day after the period for filing the petition with the Supreme Court expired. Between March 22, 1965 and April 9, 1965, plaintiffs and Eugene E. Hildebrand, as holders of all BEST stock, assigned the $67,500 claim to themselves as individuals. On April 9, 1965, the escrow fund was paid to BEST. On April 12, 1965, plaintiffs adopted and approved a resolution to dissolve BEST, and on April 14, 1965 the net proceeds of the settlement, after payment of some corporate debts, were distributed to the shareholders.

Although BEST filed no corporate income tax return for 1965, the Commissioner of Internal Revenue determined that the settlement proceeds were taxable to the corporation as ordinary income. Plaintiffs paid the assessed tax in 1969. Then, after their claim for refund was denied, they instituted this suit.

The Government's motion for partial summary judgment attacks the following paragraph of the complaint:

"6. . . .

A. The income was that of the shareholders, not that of the corporation, in that:

(1) Prior to the collection of such net proceeds the corporation had ceased doing business and had adopted a plan of liquidation.

(2) That the right to collect the proceeds, by virtue of said plan, was, in effect, in the shareholders and not the corporation.

(3) That the proceeds were collected by the shareholders as individuals."

The Government argues first that this paragraph is at variance with the plaintiffs' claim for refund and consequently may not be considered by the court, under a treasury regulation which provides in part, "The claim [for refund] must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof." 26 C.F.R. § 301.6402–2(b) (1). The court agrees that substantial judicial support for this regulation exists, see Herrington v. United States, 416 F.2d 1029 (10th Cir. 1969), and cases cited therein, and that the regulation is more stringent than general pleading requirements under the Federal Rules of Civil Procedure. Nevertheless, this court holds that there is no fatal variance between paragraph 6A of the complaint here and the following paragraph of plaintiffs' claim for refund:

"The corporation realized no income in 1965, and therefore owed no income tax, because the collection of damages from Illinois Bell and Donnelley was after the corporation had adopted a plan of liquidation. The collection was therefore that of the shareholders and not that of Best. The right to collect this money had been assigned by Best to the shareholders, and the shareholders collected direct. . . ."

With the exception of the reference in the refund claim to the assignment, the two paragraphs are substantively identical. Consequently, this court moves to consideration of the substantive issues raised by paragraph 6A of the complaint.

■ The cause of action asserted there raises two possible theories of recovery: (1) that a plan of liquidation had been adopted prior to receipt of the settlement proceeds, and that this plan placed the right to receive the proceeds in the shareholders; (2) that the settlement was made with the shareholders, rather than the corporation, and the proceeds thereof were in fact collected by the shareholders as individuals. Plaintiffs' brief in opposition to the motion does not pursue the liquidation theory, and it does fail as a matter of law. *See* Wood Harmon Corp. v. United States, 311 F.2d 918 (2d Cir. 1963); Cummins Diesel Sales of Colorado Co. v. United States, 263 F.Supp. 677 (D.C.Colo.1967).

■ Concerning the second theory, plaintiffs concede in their brief that "a corporation which has earned the right to income cannot escape taxation by transferring that right to its shareholders." They argue, however, that "such rule does not apply to the case under consideration because the individual activities of the shareholders was an essential element in creating the income." As evidence of this they cite the release document given to Donnelley, which was executed not only by BEST but also by the shareholders as individuals. Plaintiffs conclude that whether the settlement was really paid to the corporation or to the shareholders as individuals is a genuine issue of material fact requiring a trial. It is, however, undisputed that the settlement proceeds were paid to BEST, that BEST paid various debts with part of the proceeds, and that the remainder was then distributed to the shareholders. Consequently, there is no such disputed issue of fact present. Instead, the only question is what legal conclusions should be drawn from these undisputed facts. In other words, under some legal principle should payment of the proceeds be deemed to have been made to the shareholders, even though it was in fact made to the corporation? In this situation, where the only conflict concerns the legal consequences of undisputed facts, the court may properly grant summary judgment. *See* 3 Barron & Holtzoff, Federal Practice and Procedure § 1234, at 128 (Wright ed. 1958).

■ Plaintiffs cite no legal authorities in support of their argument that the settlement proceeds should be deemed to have been paid to the shareholders as individuals, and the court has found none. Of course, in one sense, it must be recognized that the shareholders personally may have done the work to earn this income. All earned income of any corporation can be traced to the efforts of individuals or groups of human beings. The fictional legal entity is not capable of performing work. But this fact does not lessen the corporate nature of the income where, as here, the corporate entity has been established by its owners as a separate taxpayer. Here, where payment was made to BEST, as plaintiff in the anti-trust suit, there is no legal justification for holding that the income should be deemed to have been paid to the shareholders.

Since both theories of recovery stated in paragraph 6A of the complaint are insufficient as a matter of law, there being no genuine issue of material fact in relation thereto, the defendant is entitled to the partial summary judgment it seeks.

It is ordered, accordingly, that defendant's motion for partial summary judgment is allowed, and judgment is hereby entered for defendant on the cause of action alleged in paragraph 6A of the complaint.