Ralph J. GOODWIN et al., Appellants,

v.

The CITY OF BLOOMFIELD, Davis County, Iowa, Appellee.

No. 55216.

Supreme Court of Iowa.

Jan. 17, 1973.

Dick R. Schlegel of Barnes & Schlegel and Bailey C. Webber, Ottumwa, for appellants.

Richard C. Bauerle of Johnson, Bauerle & Hester, Ottumwa, and D. W. Harris, Bloomfield, for appellee.

Heard before MOORE, C. J., and MASON, RAWLINGS, REES and HARRIS, JJ.

MASON, Justice.

Plaintiffs appeal from trial court's ruling sustaining defendant's motion for summary judgment, dismissing plaintiffs' petition with prejudice and awarding judgment against them for costs.

Ralph J. Goodwin, his wife Ethel and their son Vernon L. were owners of a residence dwelling located at 801 West South Street, Bloomfield, Iowa, which was totally destroyed April 19, 1969, by an explosion and resultant fire. Ralph J. Goodwin died May 29, 1969, apparently from independent cause. He is survived by his wife and Vernon. Why Ralph's name is contained as a party plaintiff on this appeal is not made clear. In any event, defendant makes no issue of this fact.

October 21, plaintiffs commeced a law action against the City of Bloomfield seeking damages under what is now chapter 613A, The Code, 1971, for destruction of the residence and contents, living expenses and mental anguish on the theory the City's negligence in the operation of its gas plant was the proximate cause of the explosion and fire.

The Regular Session of the Sixty-second General Assembly enacted, effective January 1, 1968, chapter 405, *"An Act* relating to the tort liability of governmental subdivisions." The new legislation basically does away with the sovereign immunity

concept as regards municipal corporations as defined in section 613A.1(1). As indicated, the statute now appears as chapter 613A, The Code, 1971. Section 613A.2 imposes liability in this manner:

"Except as otherwise provided in this Chapter, every municipality is subject to liability for its torts and those of its officers, employees, and agents acting within the scope of their employment or duties, whether arising out of a governmental or proprietary function."

Further reference in this opinion to this legislation will be to the provisions as they appear in the 1971 Code.

In the first division of their petition plaintiffs allege as a basis for relief defendant's negligent operation of its gas system in one or more of the following particulars was the proximate cause of their loss: in not installing the gas main in front of their home properly; in using defective pipe as a gas main; in failing to inspect the particular gas main when it knew or should have known this gas main was leaking; in failing to conduct a routine inspection of this gas main; and in failing to provide devices capable of confining the escape of gas from this main. In the other division they rely upon the doctrine of res ipsa loquitur for recovery.

Plaintiffs did not allege in their original petition the giving of a notice of claim in accordance with the provisions of section 613A.5 (action was not initiated within three months of the loss). See Bennett v. Ida County, 203 N.W.2d 228 (filed December 20, 1972).

We set out section 613A.5:

"Limitation of actions. Every person who claims damages from any municipality for or on account of any wrongful death, loss or injury within the scope of section 613A.2 shall commence an action therefor within three (3) months, unless said person shall cause to be presented to the governing body of the municipality within sixty (60) days after the alleged wrongful death, loss or injury a written notice stating the time, place, and circumstances thereof and the amount of compensation or other relief demanded. Failure to state the amount of compensation or other relief demanded shall not invalidate the notice; providing, the claimant shall furnish full information regarding the nature and extent of the injuries and damages within fifteen (15) days after demand by the municipality. No action therefor shall be maintained unless such notice has been given and unless the action is commenced within two (2) years after such notice. The time for giving such notice shall include a reasonable length of time, not to exceed ninety (90) days, during which the person injured is incapacitated by his injury from giving such notice."

Defendant in answer admitted ownership, maintenance and operation of a gas distribution system serving substantially all parts of Bloomfield and that its operation in this respect was a proprietary function. The City denied all allegations relative to negligence, proximate cause and damages and by amendment alleged plaintiffs had failed to give defendant notice of claim within 60 days after the alleged loss as required by section 613A.5 and by reason of plaintiffs' failure to commence an action therefor within three months from the date of said explosion, the action was barred.

After answering an interrogatory propounded by defendant as to the date the explosion and fire occurred, plaintiffs amended their petition a second time by alleging that written notice of claim in conformity with the requirements of section 613A.5 had been presented to the governing body of defendant municipality on May 21, 1969; a copy of the notice was attached.

Thereafter, defendant filed motion for summary judgment asserting that the alleged notice presented to it did "not meet the requirements of section 613A.5" and therefore, since the action was not brought within three months from the date of loss, it is barred under section 613A.5. In sup-

port of this contention defendant alleged in an amended motion that the notice failed to set forth: (a) the time of the alleged loss; (b) the place of the alleged loss; (c) the circumstances of the alleged loss; and (d) the amount of compensation or other relief demanded.

Plaintiffs filed resistance to defendant's motion alleging that as evidenced by the pleadings and affidavits filed in said cause a genuine issue of a material fact existed as to whether notice pursuant to section 613A.5 was given, since plaintiffs had alleged notice was duly given and defendant had denied this allegation.

Plaintiffs' resistance was supported by three affidavits. The supporting affidavit by Robert S. Warren, the signatory on the notice presented to defendant, stated, " * * * that at the time of writing * * * [the notice], I was a duly authorized agent of the Western Fire & Casualty Company who maintained a policy of insurance upon the residence of the Plaintiffs * * * at 801 West South Street, Bloomfield, Iowa; and was acting as their agent for the adjustment of the loss sustained under the above policy by reason of the destruction of said residence by gas explosion."

Two other affiants stated they were present when the alleged notice was read to the City Council of Bloomfield May 26, 1969.

June 30, 1971, after hearing on the motion, the trial court entered its order sustaining the motion. It stated:

" * * * [T]he sufficiency of the notice is a matter of law for determination by the court, * * *.

" * * * *

"After carefully considering said notice, it is the court's conclusion that said notice does not substantially comply with the requirements of Section 613A.5 in the particulars specified in 'B' and 'C' above [place and circumstances of loss].

" * * * [T]he notice must contain a description of the place of accident so definite as to enable interested parties to identify it *from the notice*. The letter * * * [notice] fails to contain any such description of the place of loss or injury.

"With respect to the circumstances of the alleged loss, the notice in this case is subject to the same, if not greater, infirmities than the notice held insufficient in American States Insurance Co. v. City of Dubuque, supra [186 N.W.2d 601 (Iowa 1971)]. Here, as there, the letter was written and signed by an adjuster for an adjustment bureau; here, as there, there is no identity of any particular insurance company as subrogee; and in addition in this case there is no statement as to whether the claim is for personal injuries or property damage, nor how the injury or loss was inflicted except as may be inferred from the word 'Explosion' used in the reference portion of the letter.

" * * * *

"The Court reluctantly concludes * * that defendant's motion for summary judgment of dismissal of plaintiffs' petition should be, and the same is hereby sustained." (Emphasis in the original).

Plaintiffs assign two errors as a basis for reversal asserting the trial court erred in: (1) granting defendant's motion for summary judgment on the basis notice given by plaintiffs failed to substantially comply with section 613A.5, The Code, 1971, in stating the place and circumstances of loss, and (2) granting motion for summary judgment and failing to allow plaintiffs to present evidence with regard to the situations and surroundings in which the notice was received and thereafter allow the jury to determine if notice was sufficient.

█ I. At the outset we consider plaintiffs' contention the notice of claim requirements of section 613A.5 as interpreted in decisions of this court considering chapter 613A do not apply where the claimed liability against the municipality arises out of

activities in a proprietary function. Plaintiffs had alleged in paragraph 6 of their petition the City, in the operation of its gas distribution system, was engaged in a proprietary function, an allegation admitted by defendant in answer.

Plaintiffs' argument advanced in reply brief is directed particularly to defendant's contention that substantial compliance with the notice of claim provisions of section 613A.5 is mandatory and an indispensable condition precedent to governmental liability created under chapter 613A.

Plaintiffs insist Iowa has always recognized that municipalities are liable for injuries and damages proximately caused by operation of proprietary functions; that chapter 613A does not create any cause of action or liability in the case before us that did not exist prior to its enactment. They maintain that our decisions declaring substantial compliance with the notice of claim requirements of section 613A.5 is a prerequisite to a right to pursue a judicial remedy to enforce a claim against a governmental subdivision are not authority for defendant's position. They point out these decisions requiring substantial compliance with the notice of claim provisions of this section all concern factual situations where governmental, rather than proprietary, functions were involved or actions arising from statutory obligations.

Assuming arguendo plaintiffs' statement is accurate it cannot be denied the legislature in eliminating the doctrine of governmental immunity of municipalities for torts saw fit by its use of the language in section 613A.2, set out, supra, to prescribe procedures to be followed where one seeks to impose liability against a municipality for torts regardless of whether such claimed liability arises out of a governmental or proprietary function. It must also be admitted that in prior decisions dealing with section 613A.5 this court has stated that substantial compliance with the minimal contents of the notice of claim specifically required by this code section is essential to the maintenance of a suit against a municipality for tort.

Plaintiffs' contention that chapter 613A was not intended to cover liability for damages proximately caused by the tort of a municipality engaged in a proprietary function is without merit.

Gruener v. City of Cedar Falls, 189 N.W. 2d 577, 579 (Iowa 1971) is support for this position. There the court assumed, without deciding, that the City acted in a proprietary capacity in operating a hospital. One of the legal problems presented in *Gruener* is stated in this manner, "Does section 613A.5 apply to tort actions against municipalities acting in a proprietary capacity?"

After setting forth the pertinent provisions of sections 613A.5 and 613A.2, the court concluded, "These two sections, read together, make plain that the special limitations in 613A.5 apply to both governmental and proprietary operations of municipalities."

The opinion continues, "This interpretation is consistent with the general rule that statutes of limitation pertaining to actions against municipalities apply to both governmental and proprietary functions unless the statute otherwise provides."

The foregoing pronouncement was made by a unanimous court following our decisions considering section 613A.5 in Boyle v. Burt, 179 N.W.2d 513 (Iowa 1970); Sprung v. Rasmussen, 180 N.W.2d 430 (Iowa 1970) and American States Insurance Co. v. City of Dubuque, 186 N.W.2d 601 (Iowa 1971).

We now hold section 613A.5 prescribes the minimal essential contents of a notice of claim required by this section and substantial compliance therewith is essential to the maintenance of suit against a municipality for tort whether the claimed liability arises out of the municipality's operation of a governmental or proprietary function.

II. The trial court specifically held the defense raised by the City in its motion for summary judgment as amended, set out, supra, might be properly asserted in motion for summary judgment under rule 237, Rules of Civil Procedure. This ruling of

the trial court is the underlying basis of plaintiffs' argument under their two assignments of error. In both, they insist motion for summary judgment is inappropriate in the factual situation presented by the record before us.

■ The initial question thus presented is whether motion for summary judgment is a proper means of challenging sufficiency of plaintiffs' notice of claim.

Rule 237(c), R.C.P., provides in part: " * * * The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The purpose of the summary judgment is to enable a party to obtain judgment promptly and without expensive trial where there is no fact issue to try. Jensen v. Voshell, 193 N.W.2d 86, 88 (Iowa 1971). See also Gruener v. City of Cedar Falls, 189 N.W.2d at 580. However, where a fact issue is generated by the pleadings, depositions, affidavits or other instruments before the court a motion for summary judgment should not be sustained. Sherwood v. Nissen, 179 N.W.2d 336, 339 (Iowa 1970) and Northwestern Nat. Bank of Sioux City v. Steinbeck, 179 N.W.2d 471, 475 (Iowa 1970).

The following facts were established beyond question in the present case: (1) the action seeks to impose liability against a municipality for tort resulting in plaintiffs' injuries; (2) the loss occurred April 19, 1969; (3) plaintiffs commenced their action October 21, 1969; (4) the notice of claim was presented to the governing body of the municipality not later than May 26, 1969; and (5) there is no dispute as to the contents of the only notice of claim the City received.

The defense urged by the City is not based upon the fact the letter from Warren was never received, but rather upon the fact that the letter as received failed to contain the minimal contents specifically required by section 613A.5.

As stated, the defense asserted in the City's motion for summary judgment as amended alleged the action was not commenced within three months from the date of loss and that the notice presented to it did not meet the requirements of section 613A.5 since the notice failed to state, (a) the time of the alleged loss; (b) the place of the alleged loss; (c) the circumstances of the alleged loss; and (d) the amount of compensation or other relief demanded.

The trial court was correct in determining the defense raised by the City might be properly asserted in motion for summary judgment.

As to whether there was a genuine issue as to any material fact generated by the record before the trial court thus precluding it from finding the City was entitled to judgment as a matter of law is another question.

III. Essentially, plaintiffs contend there was a genuine issue of material fact to be decided whether the notice sets forth the place and circumstances of the loss sufficiently to enable the municipality to have a reasonable opportunity to make an investigation.

We set out the letter from Warren relied on by plaintiffs as notice of claim which is identified as exhibit A in the record:

"224 S. Wacker Dr.,

May 21, 1969

City of Bloomfield
Bloomfield, Iowa

Attention: Jim Knott

RE   Ralph J. & Ethel M. Goodwin
     Explosion: 4–19–69

Gentlemen:

As a result of city gas leak on above date we have paid under our assured's insur-

ance policy $11,290.00 for damages including additional living expenses.

By virtue of our payment we have become subrogated to our insured's right of recovery in accordance with the subrogation provision of our policy. We request that you refer this communication to your insurance carrier in order that they may take steps to dispose of the matter.

Should you not carry insurance, an expression from you as to what arrangements can be made to clear up the matter will be appreciated.

Very truly yours,

ROBERT S. WARREN,
Adjuster in Charge
Ottumwa, Iowa Branch
106 North Market Street

cc: Attn'y. Kenneth J. Richardson

RSW/esc"

Plaintiffs further assert the court should have applied two tests in its determination of sufficiency: (1) that the notice must be sufficiently definite to enable a person of ordinary capacity to locate the place of injury and further to enable that person to make an investigation as to the circumstances; (2) the sufficiency of the notice must be determined in light of the situation and surroundings.

Plaintiffs argue that when the Warren letter is considered in light of the foregoing tests a genuine issue is generated whether the letter substantially complies with the minimal contents specifically required by section 613A.5 for notices of claim.

This letter constitutes the sum total of information supplied by plaintiffs to satisfy the requirements of section 613A.5. Its contents are undisputed. Rather, what is in issue is the legal force and effect of this letter as a notice of claim.

As noted, the trial court in the matter before us was of the opinion the question of sufficiency of the notice was for the court. Plaintiffs concede that ordinarily this is true but maintain that if this court feels the notice involved may be somewhat doubtful in its language the matter should be resolved by a jury.

█ An examination of the letter discloses no description of the place of the loss or injury definite enough to enable interested parties to identify it from the notice, a cardinal requirement of the statute. Sollenbarger v. Lineville, 141 Iowa 203, 207–210, 119 N.W. 618, 619–620. This in itself could appear to constitute a fatal defect in the notice. Moreover, it does not indicate whether plaintiffs suffered personal injuries or incurred property loss; it fails to identify plaintiffs; does not inform defendant what insurance company is involved; and does not suggest a cause and effect relationship between an explosion and plaintiffs' loss, nor is such relationship to be reasonably inferred from the letter.

There is no ambiguity in the language of the letter. The question of its sufficiency as a notice of claim remains.

█ Under the record this was a matter for determination by the court. Where the only conflict concerns legal consequences of undisputed, underlying facts, entry of summary judgment is proper. Paul v. United States, 334 F.Supp. 1138, 1140 (S.D. Ill.N.D.1971), citing 3 Barron & Holtzoff, Federal Practice and Procedure (Wright Ed.), section 1234, at 128, and Sadwith v. Lantry, 219 F.Supp. 171, 173 (S.D.N.Y. 1963).

It cannot be said there is a factual issue here as to whether plaintiffs have substantially complied with section 613A.5 by setting forth the "minimal content" required by that section.

In Sherwood v. Nissen, 179 N.W.2d at 339 this court considered the question of how a court ascertains whether a genuine fact issue exists. We approve without repeating what is said there.

Plaintiffs lean heavily on Vermeer v. Sneller, 190 N.W.2d 389 (Iowa 1971), the fifth case to consider chapter 613A, as support for their position a jury question as to the sufficiency of the notice of claim was generated. They contend the notice given here is at least as sufficient as that in *Vermeer*.

The question of the minimal contents of the notice of claim required by section 613A.5 was not involved in the cited case. It came to us on plaintiffs' appeal from the trial court's order sustaining defendants' motion to dismiss for failure to comply with the notice of claim requirements of section 613A.5. The primary question was whether presentation of a notice of claim to an agent authorized to receive such notice would be substantial compliance with this statute requiring presentment of the notice to the governing body of the municipality. The case turned on the question whether the factual allegations of plaintiffs' petition showed substantial compliance with the notice requirements of this section.

It is factually distinguishable and does not aid plaintiffs here.

In reaching our determination that the trial court properly sustained defendant's motion for summary judgment we have considered every contention urged by plaintiffs under their two assignments of error whether specifically mentioned in the course of this opinion or not.

The case is therefore

Affirmed.