CURRITUCK GRAIN INCORPORATED, A NORTH CAROLINA COR-
PORATION v. STALEY POWELL

No. 751DC719

(Filed 18 February 1976)

Uniform Commercial Code §§ 4, 13— farmer as nonmerchant — statute of
   frauds as defense — summary judgment improper
      In an action to recover damages for defendant farmer's failure
   to deliver corn and soybeans under an alleged oral contract, the trial

court erred in entering summary judgment for defendant on the ground that he was a nonmerchant within the meaning of the Uniform Commercial Code and that he was entitled to the defense of the statute of frauds, since defendant's affidavit filed in support of his motion did not establish whether defendant had ever negotiated with grain dealers prior to 1974, whether he had ever sold corn and soybeans previously, or whether he had knowledge of the customs and practices peculiar to the marketing of these grains. G.S. 25-2-201(1); G.S. 25-2-104.

APPEAL by plaintiff from *Beaman, Judge.* Judgment entered 29 May 1975 in District Court, CURRITUCK County. Heard in the Court of Appeals 12 January 1976.

Plaintiff sues for damages for defendant's failure to deliver under an alleged contract. According to the allegations an oral contract was entered into on 19 July 1974. Plaintiff agreed to buy and defendant agreed to sell 1500 bushels of #2 yellow corn at $3.00 per bushel, and 1500 bushels of soybeans at $6.60 per bushel. Delivery was to be in the fall of that year.

Defendant's answer denys the allegations, and the statute of frauds is pled as an affirmative defense. Defendant moved for summary judgment and filed an affidavit which is set out in this opinion.

In response to defendant's motion for summary judgment plaintiff filed an affidavit by its general manager asserting that on 19 July 1974 he mailed a written confirmation to defendant and that defendant made no objection to the confirmation. The affidavit also alleges that plaintiff and defendant were both merchants within the meaning of G.S. 25-2-104(1) at the time the contract was made.

Summary judgment was entered for defendant. The court found that defendant was entitled to judgment as a matter of law pursuant to G.S. 25-2-201(1), and found further that G.S. 25-2-201(2), (3) did not apply.

This appeal is from the order granting summary judgment and dismissing plaintiff's action.

*White, Hall, Mullen & Brumsey, by William Brumsey III, for plaintiff appellant.*

*Twiford, Abbott, Seawell, Trimpi and Thompson, by John G. Trimpi, for defendant appellee.*

ARNOLD, Judge.

The question presented by defendant's motion centered on whether defendant, a farmer, was a merchant as defined by the Uniform Commercial Code. If defendant were not a merchant, as defined, he was entitled to the defense of the statute of frauds. If he were a merchant he would not be entitled to the defense of the statute of frauds.

Summary judgment was granted on the grounds that the statute of frauds was a defense and there was no genuine issue of fact since defendant was not a "merchant" within the meaning of G.S. 25-2-104. Few cases have determined whether farmers are merchants in the context of the Uniform Commercial Code, and authorities seem divided. See: *Sierens ·v. Clausen,* 60 Ill. 2d 585, 328 N.E. 2d 559 (1975); *Campbell v. Yokel,* 20 Ill. App. 3d 702, 313 N.E. 2d 628 (1974); *Ohio Grain Co. v. Swisshelm,* 40 Ohio App. 2d 203, 69 Ohio Ops. 2d 192, (1973); *Cook Grains v. Fallis,* 239 Ark. 962, 395 S.W. 2d 555 (1965).

G.S. 25-2-201, as pertinent, provides:

"(1) Except as otherwise provided in this section a contract for the sale of goods for the price of five hundred dollars ($500.00) or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing.

(2) Between merchants if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of subsection (1) against such party unless written notice of objection to its contents is given within ten days after it is received."

Quoting from *Black's Law Dictionary* defendant argues that the terms "farmer" and "merchant" are not interchangeable. We do not look to *Black's,* however, but to G.S. 25-2-104, where a "merchant" is defined as "a person who deals in goods of the

kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction or to whom such knowledge or skill may be attributed by his employment of an agent or broker or other intermediary who by his occupation holds himself out as having such knowledge or skill."

Whether defendant is a "merchant" as defined by statute is a decisive point. The nonmerchant who signs nothing ordinarily will not be bound to a contract under the Statute of Frauds provision of G.S. 25-2-201. A "merchant" on the other hand may be held, even though he has signed nothing, under the provisions of G.S. 25-2-201(2), if he receives a written confirmation sufficient as against the sender and fails to give written notice within ten days. The Statute of Frauds would not be a defense.

The growing and marketing of corn and soybeans is an important part of the agricultural economy of this area. The procedures for marketing these crops are well known. We cannot say that a particular "farmer," or a grower, is not a "merchant" within the Code definition.

Defendant, in the instant case, as the movant for summary judgment, clearly had the burden of establishing that there was no genuine issue of material fact. He relied on his affidavit which therefore must be sufficient for the purpose, in this case, of establishing that he was not a merchant, and thus entitled to the defense of the Statute of Frauds.

This is the affidavit filed by defendant in support of his motion.

"Staley B. Powell, Jr., first being duly sworn, deposes and says:

1. I was born on November 9, 1918 and have lived in Chesapeake, Virginia all my life. I have been married since 1941, and we have two children.

2. From 1960 to 1970 I was actively engaged in the trucking business, known as S. Powell Trucking Co., Inc. In 1968 I had a heart attack and tried to continue in the trucking business for two more years. In 1969 I suffered another heart attack, and in 1970 came down with phlebitis in my left leg. This kept me from trucking, and in 1970 I turned to farming.

3. I did not own any land in 1970, but rented approximately 140 to 150 acres. In that year more than half of my gross income of about $12,000.00 was derived from livestock.

4. In 1971 I rented approximately 125 acres of land. I did not own any land in that year either. My gross was about the same in 1970, and I sold out my livestock.

5. In 1972 I did not own nor rent any land. I still had trucks I was trying to dispose of, but could not do any farming because I was hospitalized for three or four months during that year. I spent the remainder of the year recuperating at home.

6. I did no farming in 1973. I did not rent any land, nor did I own any land. I lost a substantial amount of money in the trucking business after hiring several drivers to work for me.

7. On May 10, 1974 I purchased a 92.8 acre farm from Charles R. Warren in Chesapeake, Virginia. At this time I liquidated my trucking business entirely. There are 60 acres of cultivated, tillable soil on this farm, and I rented four other farms of 60, 40, 25 and 20 acres respectively, on which I planted various crops. I expect to gross around $13,000.00 to $14,000.00 this year, but do not anticipate to make a profit in that I have had to build a barn and purchase equipment.

8. During 1974 I sold a total of $25.02 [sic] bushels of soybeans at $7.50 per bushel, and a total of 1893.93 bushels of corn at $3.35 per bushel.

s/ STALEY B. POWELL, JR."

The authors of the comments following G.S. 25-2-104 state that the term "merchant" applies to "professionals in business" rather than to a "casual or inexperienced seller or buyer." The definition of "goods" includes "the unborn young of animals and growing crops." G.S. 25-2-105(1).

Defendant's affidavit does not establish that he is a casual or inexperienced seller in corn and soybeans, the "goods involved in the transaction." The affidavit establishes defendant's birthdate, his experience in trucking from 1960 to 1970, and the status of his health. It establishes that he farmed during

1970, 1971 and 1974, and that one-half his gross income in 1971 and 1972 derived from livestock. The affidavit does not establish whether defendant had ever negotiated with grain dealers prior to 1974, whether he had ever sold corn and soybeans previously, or whether he had knowledge of the customs and practices peculiar to the marketing of these grains.

Obviously if defendant were a nonmerchant under the circumstances he was in a most desirable position of being free to sell on the open market if prices went up, but having the option to enforce the written confirmation if prices fell below the contract price.

This opinion does not hold that defendant was a "merchant" under G.S. 25-2-201(2), or that there was an oral contract prior to the written confirmation. Defendant's affidavit was insufficient to meet the burden imposed on him by Rule 56(c) to show the absence of a genuine issue of material fact. *Builders Supply Co. v. Eastern Associates*, 24 N.C. App. 533, 211 S.E. 2d 472 (1975).

The order granting summary judgment is reversed and the case is remanded for trial.

Reversed and remanded.

Judges PARKER and HEDRICK concur.