SAND SEED SERVICE, INC., Appellant,

v.

David POECKES, Appellee.

No. 2-57609.

Supreme Court of Iowa.

Jan. 19, 1977.

Charles F. Knudson, Marcus, for appellant.

Philip J. Parriott, Remsen, and Gerald M. Kraai, of Shull, Marshall & Marks, Sioux City, for appellee.

LeGRAND, Justice.

This appeal asks us to reverse a summary judgment entered in favor of defendant David Poeckes in an action brought by plaintiff Sand Seed Service, Inc. for breach of contract. We affirm the trial court.

The petition alleges an oral contract by which Poeckes agreed to sell Sand Seed approximately 2,700 bushels of soybeans at $4.42 per bushel. Promptly following this transaction, Sand Seed sent Poeckes a confirmation of purchase which included this statement:

"PLEASE NOTE: The above covers our understanding of the transaction. Failure to advise us immediately will be understood by us as your acceptance of these terms."

This confirmation was signed by Sand Seed but not by Poeckes. Neither did Poeckes notify Sand Seed that the contract was unacceptable.

When the time for delivery came, Poeckes refused to perform. This suit is for $4,671, the additional amount Sand Seed was required to pay for the purchase of 2,700 bushels of soybeans on the market to cover commitments it had made on the basis of the alleged oral contract with Poeckes.

Poeckes raised the defense of statute of frauds under the Uniform Commercial Code, § 554.2201, the pertinent part of that statute is here set out:

"1. Except as otherwise provided in this section, a contract for the sale of goods for the price of five hundred dollars or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond a quantity of goods shown in such writing.

"2. Between merchants if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of subsection 1 against such party unless written notice or objection to its contents is given within ten days after it is received."

The case turns on whether Poeckes is a "merchant," in which event the transaction between him and Sand Seed would be controlled by subsection 2 of the foregoing statute.

The statute defining merchant (§ 554.-2104) now becomes pertinent. We set it out in part:

"1. 'Merchant' means a person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction or to whom such knowledge or skill may be attributed by his employment of an agent or broker or other intermediary who by his occupation holds himself out as having such knowledge or skill.

"3. 'Between merchants' means in any transaction with respect to which both parties are chargeable with the knowledge or skill of merchants."

Since it was Poeckes who moved for summary judgment, he has the burden of proving no genuine issue of fact exists. In determining if this burden has been met, we view the circumstances in the light most favorable to Sand Seed. *Daboll v. Hoden,* 222 N.W.2d 727, 731 (Iowa 1974); *Rich v. Dyna Technology, Inc.,* 204 N.W.2d 867, 871 (Iowa 1973).

In considering a motion for summary judgment, we must examine the entire record, including pleadings, admissions, depositions, answers to interrogatories, affidavits, and oral testimony, to determine if there is a genuine issue of fact. *Daboll v. Hoden, supra,* 222 N.W.2d at 731, 732.

In the present case, we have only the pleadings, an affidavit by Poeckes, and oral testimony produced by Sand Seed at the hearing on the motion.

The affidavit filed by Poeckes set forth the fact that he sold no crops or livestock except those which he raised; that he did not otherwise buy or sell any crops or livestock on the open market; that he is engaged in no business or occupation except farming; that he has no ownership interest in any other business; that he is not a member of the board of directors of any corporation or association; that he has no other business experience; that he is a high school graduate with no additional formal education; that he has had limited experience in selling crops; that before selling his crops he occasionally makes inquiry as to the current prices being paid by various buyers; that prior to the transaction in question, he had sold soybeans and other crops on approximately three other occasions each; and that he had never bought any crops except for seed or feed.

Sand Seed did not file a counter affidavit, and the testimony of its officer at the hearing on the motion did no more than describe the transaction with Poeckes and admit Sand Seed had not previously done business with him. There was no effort on the part of Sand Seed to dispute any of the facts set out in Poeckes' affidavit.

Nevertheless there may be an issue of fact if reasonable minds may draw different inferences from undisputed facts. *See Daboll v. Hoden, supra,* 222 N.W.2d at 733.

This leads us to the statute of frauds as set out in the Uniform Commercial Code. We have not heretofore been called upon to interpret this statute, and we therefore look with interest to what other courts have said about it.

Before doing so, however, we point out the editorial comment to § 554.2104 which states "merchant" as used there "roots in the 'law merchant' concept of a professional in business." It apparently excludes the casual buyer or seller.

The several courts which have ruled on the problem we now face have split on the status of a farmer vis-a-vis merchant.

At least two states, Illinois and Ohio, have held a farmer to be a merchant under circumstances very close to ours. *Sierens v. Clausen,* 60 Ill.2d 585, 328 N.E.2d 559, 561 (1975); *Ohio Grain Co. v. Swisshelm,* 40 Ohio App.2d 203, 318 N.E.2d 428, 430 (1973).

Again on facts almost identical to those now before us, other courts have refused to say a farmer is a merchant. We refer to them in some detail because we have concluded they state the right rule.

In *Lish v. Compton,* 547 P.2d 223, 226 (Utah 1976) this appears:

"We think the meaning of the term 'merchant' as used in the statute under consideration [relating to the definition of merchant under the Uniform Commercial Code] refers primarily to one whose occupation is that of buying and selling. However, we would not exclude therefrom one who sells products he makes or raises, or otherwise acquires, if that is done with such regularity that it forms at least a substantial part of his occupation. But we think it is neither consistent with the intent and purpose of the statute, nor with the ordinarily understood meaning of its language, to apply it to anyone such as this defendant who simply sells his crops annually. Consequent to what we have said, it is our opinion that the trial court should have ruled as a matter of law that under the circumstances shown here, the defendant was not a 'merchant' within the meaning of the statute."

The Alabama Supreme Court reached a similar result in *Loeb and Company, Inc. v. Schreiner,* 321 So.2d 199, 201, 202 (Ala.1975) where the court held that the framers of the Uniform Commercial Code did not contemplate that farmers should be included among those considered to be "merchants." The Alabama court relied heavily on the fact that the defendant sold only products which he had raised. The court said:

"Although there was evidence which indicated that the appellee here had a good deal of knowledge, this is not the test.

There is not one shred of evidence that appellee ever sold anyone's cotton but his own. He was nothing more than an astute farmer selling his own product. We do not think this was sufficient to make him a dealer in goods."

Arkansas also concluded that the statutory provision in question was not intended to include a farmer within the designation of "merchant." *See Cook Grains, Inc. v. Fallis,* 239 Ark. 962, 395 S.W.2d 555, 556 (1965). Here, too, the court relied heavily on the fact that the farmer dealt only in commodities which he had raised. The court said:

"There is not a scintilla of evidence in the record, or proffered as evidence, that appellee is a dealer in goods of the kind or by his occupation holds himself out as having knowledge or a skill peculiar to the practices of goods involved in the transaction, and no such knowledge or skill can be attributed to him."

Another case supporting this conclusion is *Decatur Cooperative Association v. Urban,* 219 Kan. 171, 547 P.2d 323, 328 (1976), where the court said:

"The concept of professionalism is heavy in determining who is a merchant under the statute. The writers of the official UCC comment virtually equate professionals with merchants—the casual or inexperienced buyer or seller is not to be held to the standard set for the professional in business. The defined term 'between merchants', used in the exception proviso to the statute of frauds, contemplates the knowledge and skill of professionals on each side of the transaction. The transaction in question here was the sale of wheat. Appellee as a farmer undoubtedly had special knowledge or skill in raising wheat but we do not think this factor, coupled with annual sales of a wheat crop and purchases of seed wheat, qualified him as a merchant in that field."

*Currituck Grains, Inc. v. Powell,* (1976), 28 N.C.App. 563, 222 S.E.2d 1, although holding the defendant was not entitled to summary judgment because his proof failed to show there was no genuine issue of material fact, appears to accept the professionalism concept in deciding who is a merchant.

Black's Law Dictionary, Rev. 4th Ed., 1968, defines merchant at page 1138 this way:

"One who is engaged in the purchase and sale of goods; a trafficer; a trader."

The Random House Dictionary (1966) at 896, says a merchant is "1. A person who buys and sells commodities for profit; dealer; trader. 2. A storekeeper; retailer."

■ Relating this commonly understood concept to our statutory provisions in § 554.2104(1), we hold a farmer, in order to be held as a merchant, must be (1) a dealer who deals in the goods of the kind involved, or (2) he must by his occupation hold himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction, or (3) he must employ an agent, broker or other intermediary who by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction.

■ Nothing of the sort appears in this case. The undisputed facts show only that Poeckes is a farmer who annually sells what he himself grows. Although this may make him an expert or professional in *growing* crops, it does not do so in *selling* them.

It should be clear from what we have said that a farmer may indeed also be a merchant under certain circumstances. Whether he is or is not is ordinarily a question of fact. However, where as here, the facts are undisputed and reasonable minds could draw no different inferences from them, the issue becomes one of law. Under Poeckes' uncontroverted affidavit, the trial court properly held he was not a merchant as a matter of law. *See Goodwin v. City of Bloomfield,* 203 N.W.2d 582, 588–589 (Iowa 1973); *Sherwood v. Nissen,* 179 N.W.2d 336, 338–339 (Iowa 1970); 237(c), R.C.P. As a result the defense of statute of frauds (§ 554.2201) renders the alleged oral contract unenforceable.

We have not overlooked the fact that there is a dispute as to whether an oral contract was entered into at all. However, in view of our holding that the statute of frauds applies, this becomes immaterial. If there was no contract, Sand Seed, or course, could not recover; if there was a contract, it could not recover because of the statute of frauds.

For the reasons heretofore stated, the case is affirmed.

AFFIRMED.

MOORE, C. J., and UHLENHOPP, REYNOLDSON and HARRIS, JJ., concur.

McCORMICK, MASON and RAWLINGS, JJ., concur specially.

REES, J., takes no part.

McCORMICK, Justice (concurring specially).

I concur in the result because I agree Poeckes, as a matter of law, established in this summary judgment proceeding that he was not a merchant under the definition in § 554.2104, The Code. I also agree the issue is ordinarily a question of fact. Further, despite the import of broad language in cases from other jurisdictions quoted in the majority opinion, nothing in the Code definition precludes a finding that a farmer who sells only products he raises is a merchant. A farmer who regularly sells only his own products certainly may in some circumstances be "a person who deals in goods of the kind" or one who "holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction * * *." See § 554.2104, The Code. The legislature intended the statute of frauds to be used as a shield by those who need its protection rather than as a sword by those who do not.

MASON and RAWLINGS, JJ., join this special concurrence.