**Matthew BAUER, Sr., John David Wessling, and Susan Marie Wessling, Appellees,**

v.

**R.D. CURRAN, Judge Curran, Danny Curran, Russell Sale Company, Inc., Appellants,**

**and**

**Isaac Earl Harder, Defendant.**

No. 84–65.

Supreme Court of Iowa.

Dec. 19, 1984.

M.H. Pothoven and Randall C. Stravers of Clements, Blomgren & Pothoven, Oskaloosa, for appellants.

Fred J. Kreykes, Pella, for appellees.

Considered by HARRIS, P.J., and McGIVERIN, LARSON, SCHULTZ, and WOLLE, JJ.

LARSON, Justice.

This is an action for conversion. The narrow issue raised on appeal is whether the trial court erred in submitting to the jury the question of whether a farmer who sold cattle in which he had only a lessee's interest was a "merchant" within the meaning of Iowa Code section 554.-2403(2) (1983) (providing merchant in possession of property has power to transfer ownership to buyer in the ordinary course of business). We conclude the issue was one of fact, not of law, and that it was properly submitted to the jury.

The facts may be briefly stated. In the spring of 1979, Carl Davidson, a farmer, leased approximately 100 head of pregnant stock cows from the plaintiffs. It is undisputed that Davidson did not, in this transaction, receive title to the cattle or any authority to transfer them. These cows calved in the spring of 1979 and again in the spring of 1980. In the fall of 1980, R.D. Curran, one of the defendants, purchased sixteen of these cow-calf pairs from Davidson. He later sold them through de-

fendant Russell Sale Co., Inc., a company in which the Currans had an ownership interest. The record shows that Mr. Curran made no attempt to discover whether Davidson actually owned the cattle.

The plaintiffs argue that they retained ownership of the cattle despite Davidson's "sale" of them to Curran. The defendants, on the other hand, contend Davidson was a merchant as a matter of law and that, under Iowa Code section 554.2403(2), Davidson's buyers would have acquired title to the cattle. Section 554.2403(2) provides:

> Any entrusting of possession of goods to a merchant who deals in goods of that kind gives him power to transfer all rights of the entrustor to a buyer in ordinary course of business.

The court ruled that the question of Davidson's status was one of fact and submitted the issue to the jury by a special interrogatory. The jury found Davidson was not a merchant at the time of the sale, making section 554.2403(2) inapplicable.

Merchant status is said to take three forms: The first is transactional in nature: The seller is a dealer in the type of goods involved in the questioned transaction. The second form involves the merchant who holds himself out as having some skill or knowledge focusing on the specific transaction and goods involved. The third revolves around the principal-agent relationship. *See* Article, *Is He or Isn't He a Merchant?—The Farmer, Part I*, 82 Com. L.J. 155, 156–57 (May 1977).

The definition of "merchant" in Iowa Code section 554.2104(1) (1983) incorporates those concepts:

> "Merchant" means a person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction or to whom such knowledge or skill may be attributed by his employment of an agent or broker or other intermediary who by his occupation holds himself out as having such knowledge or skill.

The trial court similarly defined the term in its instructions to the jury in this case: "[M]erchant [means] a person who deals in goods of the kind involved in its [sic] transaction, in this case cattle, or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practice involved in selling or buying cattle."

This court, essentially quoting the statute, has held that a farmer, in order to be a merchant, must be:

> (1) [A] dealer who deals in goods of the kind involved, or (2) he must by his occupation hold himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction, or (3) he must employ an agent, broker or other intermediary who by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction.

*Sand Seed Service, Inc. v. Poeckes*, 249 N.W.2d 663, 666 (Iowa 1977). The question is generally one of fact; it is only where "the facts are undisputed and reasonable minds could draw no different inferences from them" that the issue becomes one of law. *Id.*

> Even when the facts are not in dispute or contradicted, if reasonable minds might draw different inferences from them a jury question is engendered.

Iowa R.App.P. 14(f)(17). It is said that "it is the jury that is entitled to conclude whether or not one inference or another may be drawn, neither of which can be unreasonable, regarding whether the sale of goods was in fact an isolated sale or whether a party to the transaction was a merchant with respect to the goods which were the subject matter of the sale." Article, *Is He or Isn't He a Merchant—The Farmer*, 82 Com.L.J. at 157–58.

Most courts which have held a farmer to be a merchant have relied on evidence demonstrating that the farmer dealt in goods of the kind sold, as opposed to evidence that he held himself out as having particular skills or knowledge. Article, *Article II of the Uniform Commercial Code: Is a Farmer a "Merchant" or a "Tiller of*

*the Soil"?*, 18 Am.Bus.L.J. 323, 325 (1980). The Iowa Code comments suggest that section 554.2403(2) is sufficiently broad to support a finding under proper circumstances that a farmer is a merchant. ("This subsection goes farther than the prior Iowa cases in permitting a merchant to whom goods are entrusted to transfer the entruster's rights to a buyer in ordinary course of business.") *See also Sand Seed Services, Inc.*, 249 N.W.2d at 666 (farmer who made only annual sales was a professional grower of crops not a professional seller; however, under proper circumstances, farmer could be a merchant).

The evidence provided a sufficient basis for a decision either way on Davidson's status. Prior to the sale in question, there was evidence that Davidson had bought, sold, and leased cattle. One year, for example, Davidson leased approximately twenty head of cattle from another individual and in addition had entered into a lease-purchase agreement with a Clearview Cattle Company. Matthew Bauer, the individual who had leased the present cattle to Davidson, testified that although he had engaged in a large number of transactions in buying and selling cattle in the area, he had never seen or met Davidson prior to 1980 when they entered into the lease agreement in question.

Most other cattle sales involving Davidson were said by him to be merely attempts to cull his herd, and, while Davidson had earlier sold part of these cattle leased from plaintiff Bauer, he had done so under Bauer's name and at his direction. Davidson appears to have only occasionally bought or sold cattle.

While other factors tended to support a finding that Davidson may have been a merchant, our question is not whether there was evidence to support a finding the jury did not make but whether reasonable minds could have drawn different inferences from the facts. We conclude they could and that the issue was therefore properly submitted to the jury.

The jury's findings of fact, of course, are binding on appeal in a law action if supported by substantial evidence. Iowa R.App.P. 14(f)(1). We find no error.

AFFIRMED.